UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **MACCO PROPERTIES, INC.,** | ) | Case No. 10-16682-R |
| | ) | Chapter 7 |
| | ) | |
| **NV BROOKS APARTMENTS, LLC,** | ) | Case No. 10-16503-R |
| | ) | Chapter 7 |
| Debtors. | ) | (Jointly Administered) |

| | | |
|---|---|---|
| **MICHAEL E. DEEBA, TRUSTEE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adv. No. 12-1118-R |
| | ) | |
| **PINKERTON & FINN, P.C.,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| **COBBLESTONE APARTMENTS OF TULSA, LLC; LARRY D. AND JEANETTE A. JAMISON FAMILY TRUST; AND JACKIE L. HILL, JR.,** | ) ) ) ) | |
| | ) | |
| Intervenors. | ) | |

## ORDER DENYING JOINT MOTION FOR DISMISSAL WITH PREJUDICE

Before the Court is the Joint Motion for Dismissal with Prejudice and Notice of Opportunity for Hearing filed jointly by Plaintiff Michael E. Deeba, Trustee ("Trustee") and Defendant Pinkerton & Finn, P.C. ("P&F") (Adv. Doc. 44) ("Joint Motion to Dismiss"); the Objection of United States Trustee ["UST"] to Joint Motion to Dismiss Adversary Proceeding (Adv. Doc. 45); the Objection of Cobblestone Apartments of Tulsa, LLC, et al.["Cobblestone"], to Joint Motions for Dismissal with Prejudice (Adv. Doc. 48); and the

Objection of Jackie L. Hill, Jr. ["Hill"] to Joint Motions for Dismissal with Prejudice (Adv. Doc. 49). An evidentiary hearing was held on November 13, 2015, after which the Court took the matter under advisement.

Upon consideration of the pleadings, the evidence admitted at the hearing, arguments of counsel, and applicable law, the Court finds and concludes as follows:

**JURISDICTION**

The Court has jurisdiction over this "core" proceeding pursuant to 28 U.S.C. §§ 1334(b), 157(b)(1) and 157(b)(2)(E), and Rule 81.4(a) of Local Civil Rules of the United States District Court for the Western District of Oklahoma.

**PROCEDURAL HISTORY**

On November 2, 2010, Macco Properties, Inc. ("Macco") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Macco's president, Lew S. McGinnis ("McGinnis"), assumed the duties and responsibilities of the debtor-in-possession. On May 31, 2011, the bankruptcy court approved the appointment of Trustee as Chapter 11 Trustee of the Macco bankruptcy estate.

In 2012, Trustee commenced this adversary proceeding in order to avoid under 11 U.S.C. § 549(a) and recover under 11 U.S.C. § 550(a) certain post-petition transfers to P&F of alleged property of the estate in the amount of $61,288.05 (the "Avoidance Claim"). Trustee contends such transfers were not authorized by statute or by the Court. P&F denies the allegations and asserts various defenses.

In December 2013, Trustee agreed to dismiss this adversary proceeding as part of a comprehensive settlement Trustee and others entered into with McGinnis and Macco's majority equity owner, Jennifer Price ("Price") (the "Settlement"). On December 16, 2013, the Court entered an order that documented the terms of the Settlement. With respect to dismissal of this and other adversary proceedings, the order provided that "[m]otions will be filed, with Notice of Opportunity for Hearing, requesting dismissal with prejudice, based on the execution of the Mutual Releases and the language therein." Doc. 1909 at 2. In compliance with the order and Settlement, in March 2014, Trustee and P&F filed the Joint Motion to Dismiss. In the motion, Trustee recites that he "agreed to the Mutual Releases and Dismissal With Prejudice of all Adversaries for the reason that the Chapter 7 Trustee believed at the time that there were sufficient funds on hand to pay all allowed unsecured creditors and as a result, it was not cost efficient to continue to prosecute this Adversary."[1]

The United States Trustee, Cobblestone, and Hill filed objections to the Joint Motion to Dismiss, pointing out that litigation commenced by Price and McGinnis against Trustee and other estate professionals *after* the Settlement was reached was likely to cause administrative expense claims to snowball to the extent that full payment to unsecured creditors would no longer be achievable.[2] In setting this matter for hearing, the Court advised the parties that it would review the agreement to dismiss the proceeding under the standards set forth in In re Kopexa Realty Venture Co., 213 B.R. 1020 (B.A.P. 10th Cir.

---

[1] Joint Motion to Dismiss, ¶ 4.

[2] Cobblestone and Hill, as unsecured creditors, intervened in this proceeding for the sole purpose of opposing dismissal.

3

1997) to determine whether the agreement is fair, equitable, and in the best interests of the estate.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Avoidance Claim is property of the Macco bankruptcy estate, and Trustee's agreement to voluntarily dismiss the claim as part of a comprehensive settlement is subject to this Court's scrutiny under Reiss v. Hagmann, 881 F.2d 890 (10th Cir. 1989); In re Kopexa Realty Venture Co., 213 B.R. 1020 (B.A.P. 10th Cir. 1997); and Bankruptcy Rule 9019(a). The decision to approve a settlement "must be an informed one based upon an objective evaluation of developed facts." Reiss, 881 F.2d at 892. In determining whether the agreement is fair and equitable and in the best interests of the estate, "it is appropriate for the court to consider the probable success of the underlying litigation on the merits, the possible difficulty in collection of a judgment, the complexity and expense of the litigation, and the interests of creditors in deference to their reasonable views." Kopexa, 213 B.R. at 1022.

Based upon the evidence presented through testimony and exhibits, the arguments of counsel, and applicable law, the Court concludes that the Joint Motion to Dismiss should be denied.

    **A.**    **Probable success on the merits**.

To establish a *prima facie* case under 11 U.S.C. § 549(a), Trustee must prove four elements: (1) that property of the estate (2) was transferred (3) after commencement of the bankruptcy case (4) in absence of authorization by the Court or the Bankruptcy Code. Trustee credibly testified that he discovered the transfers through a forensic investigation and

analysis of the estate's financial documents, including statements and canceled checks, and that he "tested" and "vetted" the evidence using tracing rules and other methodologies approved by the AICPA. Having documentary evidence to establish each of the elements of the Avoidance Claim, Trustee expressed confidence in prevailing on the merits. P&F did not offer any evidence to the contrary.

P&F argued that since it asserted numerous defenses in its answer, success is not assured. Trustee testified that he had analyzed P&F's defenses and did not believe they had merit. P&F did not present evidence that suggested otherwise.

The Court therefore finds that, at this time, the developed facts support a finding that there is a reasonable probability that Trustee will succeed on the merits of the Avoidance Claim.

### B. Possible difficulty in collection of a judgment.

P&F did not present any evidence that tended to show that a judgment against it would be difficult to collect. Trustee testified that P&F is a well-established law firm, and that Trustee had no reason to believe that P&F is "judgment-proof."

Accordingly, the Court finds no reason to dismiss the claim on the grounds that proceeding further would be futile.

### C. Complexity and expense of the litigation.

P&F argued that the projected cost to the estate of litigating this claim outweighs any possible benefit to the estate, citing Price and McGinnis's uncooperative, litigious nature and their propensity for "fighting tooth and nail" against Trustee. Price and McGinnis are not

parties to this adversary proceeding, however. The claim is a simple, straightforward, avoidance claim asserted solely against P&F. Trustee testified that he intends to negotiate a blended fee arrangement with counsel in order to limit and control the cost of litigation, and Trustee reasonably believes the matter can be resolved expeditiously and inexpensively on summary judgment.

The Court concludes that, at this time, the matter appears to be an uncomplicated claim to recover money transferred post-petition that should not require an extensive investment of professional time.

**D.     Interests of creditors in deference to their reasonable views**.

Cobblestone, the largest unsecured creditor of Macco, is owed in excess of $150,000.00. Hill, the smallest unsecured creditor, holds a claim of approximately $100.00. Both creditors object to dismissal of this adversary proceedings because their claims likely will not be paid unless Trustee liquidates the estate's remaining assets, *i.e.*, claims asserted in this and other adversary proceedings. Their view is reasonable in light of the current financial condition of the estate.

In December 2013, it appeared that the Settlement would pave the way for an expedited and uncomplicated completion of the Chapter 11 case. In his final application for compensation in the Chapter 11 case, Trustee offered to accept approximately $82,000.00, which was the remainder of his unpaid fee if he were compensated on an hourly basis to that date. However, he reserved the right to request payment of the full commission on distributions to which he was entitled under 11 U.S.C. § 326(a) if circumstances required him

to expend significantly more time and effort administering the case. Price and McGinnis objected to allowance of the $82,000.00 request. In addition, Price and McGinnis sought disallowance of interim compensation already paid to Trustee, and they asserted various tort claims, both in the objection to Trustee's compensation request and in a stand-alone lawsuit commenced in the District Court. Price and McGinnis's aggressive but ultimately fruitless post-Settlement pursuit of claims against Trustee (and against his counsel, financial advisor, and management professionals) required Trustee to invest substantial time and resources over a period of more than two years. Trustee amended his Chapter 11 application to request the commission to which he was otherwise entitled under § 326(a). The Chapter 11 administrative claims of the Trustee's professionals also ballooned as a result of the post-Settlement litigation pursued by Price and McGinnis.

In December 2013, when the parties agreed that the adversary proceedings could be dismissed, the estate's coffers contained enough cash to pay all projected administrative expenses and all unsecured creditors with interest, leaving hundreds of thousands of dollars for equity holders. As of September 17, 2015, however, the estate's liquid assets totaled $989,915.00 while its unpaid allowed administrative expenses reached $1,011,622.18. See Trustee Exhibit 1. The estate has incurred substantial additional expenses that have not yet been applied for. Id. And as of the date of this order, the estate continues to incur professional fees to, among other things, defend eight appeals recently filed by Price and McGinnis. The Court finds that the estate is indisputably underwater, and the unsecured and

7

administrative claims – allowed, accrued, and accruing – have no chance of being satisfied if the claims asserted in this and other adversary proceedings are dismissed.

**CONCLUSION**

The Court concludes that the agreement to dismiss the adversary proceeding is not fair, equitable, or in the best interests of the estate. Dismissal of the Avoidance Claim would benefit only P&F, and would unfairly prejudice unsecured and administrative expense claimants. Accordingly, the Joint Motion to Dismiss is denied.

**SO ORDERED** this 11th day of December, 2015.

DANA L. RASURE
UNITED STATES BANKRUPTCY JUDGE